UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Allan M. Cullen

   v.                                            Civil No. 12-cv-305-JD

Robert McGrath et al.[1]


**O R D E R**

Allan Cullen, an inmate at the New Hampshire State Prison ("NHSP") has filed a complaint (doc. no. 1), alleging that his constitutional rights were violated by defendants during Cullen's incarceration at the NHSP. The matter is before the court for preliminary review to determine, among other things, whether Cullen has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). Also before the court is Cullen's motion (doc. no. 9), seeking to add two defendants to this action.

---

[1] In the complaint (doc. no. 1) Cullen names the following defendants to this action: New Hampshire Department of Corrections employees: New Hampshire State Prison ("NHSP") Unit Manager Robert McGrath; NHSP Maj. Fouts (first name unknown); NHSP Warden Richard Gerry; NHSP Chief Hearing Officer L.C. Eldridge Jr.; Paul Robert; Commissioner William Wrenn; Chris Kench; Daniel Bean; and Kim LaCasse.

**Background**

Cullen alleges that defendants have retaliated against him, or been involved in retaliation against him, because he exercised his First Amendment right to petition the government for a redress of grievances by "expressing" that he has a constitutional right to file a lawsuit.  Cullen asserts that defendants have, in retaliation: (1) subjected him to harassment; (2) moved him to a punitive unit at the prison and upgraded his security status for failing to produce a urine sample for drug screening, despite the fact that Cullen has a medical condition that prevented him from producing a urine sample; (3) otherwise transferred him, on one or more occasions, to a less favorable housing unit; (4) taken his property; (5) lost his legal material; and (6) interfered with the proper processing of his inmate request slips.

Cullen filed an action in this court asserting retaliation claims against the NHSP and Department of Corrections employees and officials named in the caption above.  Thereafter, Cullen filed a motion to amend the complaint (doc. no. 9) by adding new claims against former Governor John Lynch and NHSP Capt. Charles "Chuck" B., whose last name is unknown ("LNU").

**Discussion**

I.  Motion to Amend

Cullen filed his motion to amend (doc. no. 9) prior to this court's completion of preliminary review and before service has been ordered on any defendant. The court grants the motion to amend (doc. no. 9). See Fed. R. Civ. P. 15(a)(1). The assertions therein will be considered to be part of the complaint for all purposes in this action.

II. Preliminary Review

A.  Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints filed by inmates before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

B.  Retaliation Claims

The First Amendment shields prisoners from retaliation in response to their engaging in protected speech. Ortiz v. Jordan, 131 S. Ct. 884, 893 (2011) (citing Crawford-El v. Britton, 523 U.S. 574, 592 (1998)). To state a claim for retaliation for exercising his First Amendment rights, Cullen must allege: (1) the conduct which led to the alleged retaliation was protected by the First Amendment; (2) some adverse action at the hands of the prison officials; and (3) a

4

causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012).

    1.   Protected Conduct

The right to petition the government for a redress of grievances has been characterized as "among the most precious of the liberties safeguarded by the Bill of Rights." United Mine Workers v. Ill. State Bar Ass'n, 389 U.S. 217, 222 (1967). Under the First Amendment, "prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." Hudson v. Palmer, 468 U.S. 517, 523 (1984). However, "'[t]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system.'" Almeida v. Wall, C.A. No. 08-184S, 2008 WL 5377924, *8 (D.R.I. Dec. 23, 2008) (quoting Shaw v. Murphy, 532 U.S. 223, 229 (2001) (recognizing that certain expressions of First Amendment rights are properly denied to prisoners, i.e., restrictions on inmate-to-inmate correspondence, media

5

interviews, inmate-to-inmate legal advice)). For instance, "[a] prisoner has no right to address prison officials in a disrespectful or abusive manner." Almeida, 2008 WL 5377924, at *9 (internal quotation marks and citation omitted).

Cullen has only vaguely asserted that he expressed his right to file a lawsuit, presumably to one or more of the defendants. Cullen has not included any details, such as the form or manner of his expression, or the context in which he expressed himself. As a result, at this time, the complaint does not provide sufficient information about Cullen's alleged exercise of his First Amendment rights to support the first element of a retaliation claim. Cullen will therefore be granted leave to amend his complaint to allege sufficient facts to demonstrate that his expression was protected by the First Amendment.

2. Adverse Acts and Retaliatory Intent

Similarly, Cullen has also failed to provide sufficient facts to show both that the allegedly retaliatory conduct was more than de minimis and that there is a causal nexus between the adverse acts alleged and Cullen's exercise of his First Amendment rights. To state retaliation claims against the named defendants, Cullen must assert, with specificity, what conduct

6

he engaged in that he alleges was protected by the First Amendment, and what non-de minimis adverse acts he was subjected to by each specific defendant.  Further, Cullen must assert facts to demonstrate a causal connection between the adverse act and the responsible defendant's intent to retaliate against Cullen for exercising his First Amendment rights.

## Conclusion

The court GRANTS Cullen's motion (doc. no. 9), seeking to add (former) Governor John Lynch and NHSP Capt. Charles "Chuck" B. LNU to this action as defendants.

The court grants Cullen leave to file a further amendment to the complaint, within thirty days of the date of this order, as follows:

1. The amended complaint must include specific factual allegations to describe:

    A. Cullen's conduct or speech, which he believes was protected under the First Amendment;

    B. The non-de minimis adverse acts taken against him;

    C. A causal nexus between any adverse action taken by any defendant, and Cullen's exercise of First Amendment rights; and

    D.    What each defendant did or failed to do to render him or her liable to Cullen in this action.

2. If Cullen seeks to proceed in this case on any claims other than retaliation claims, he must state, with specificity:

    A.    What claims he seeks to raise in this action;

    B.    For each claim what right or rights he alleges have been violated;

    C.    What each defendant did, or failed to do, that violated Cullen's rights.

To the extent possible, Cullen should identify each defendant in the amended complaint by his or her full name. If Cullen fails to amend his complaint as directed, the court may recommend that the action be dismissed for failing to state a claim.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 15, 2013

cc: Allan M. Cullen, pro se

LBM:jba