UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allan M. Cullen

   v.                                         Civil No. 12-cv-305-JD

Robert McGrath et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Allan Cullen's response (doc. no. 13) to this court's January 15, 2013, order (doc. no. 12), which granted him leave to amend his pleadings to cure deficiencies in the claims he has asserted. The matter is before the court for preliminary review to determine, among other things, whether Cullen has stated any claim upon which relief may be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] In the original complaint and in an amendment thereto (doc. nos. 1 and 6), Cullen named the following defendants to this action: New Hampshire State Prison ("NHSP") Unit Manager Robert McGrath; NHSP Maj. Jon Fouts; NHSP Warden Richard Gerry; NHSP Chief Hearing Officer L.C. Eldridge Jr.; NHSP Unit Counselor Paul Roberts; New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn; DOC Capt. Chris Kench; Daniel Bean, NHSP Classifications Department; NHSP Classifications Supervisor Kim LaCasse; (former) Governor John Lynch; and NHSP Capt. Charles Boyajian. In the complaint addendum (doc. no. 13), Cullen has provided Boyajian's full name and has also identified the following additional defendants: Cindy Crompton, NHSP Offender Records; Jessica Lawrence, NHSP Inmate Accounts; Cpl. Knierieman, NHSP Mailroom; and NHSP Sgt. Robert Parent.

**Background**

In his terse original complaint (doc. no. 1), Cullen alleged that defendants harassed him, intimidated him, and retaliated against him for "expressing" his right to file a lawsuit.  Specifically, Cullen alleges that defendants moved him from one unit to another; subjected him to a urine drug test and, when he could not produce a sample due to a claimed medical condition, sent him to a disciplinary unit; and transferred him to a disciplinary unit after defendant NHSP Unit Manager Robert McGrath had spoken with him about "going to court."

This court, in its January 15, 2013, order (doc. no. 12), found that Cullen's complaint -- stripped of legal conclusions about retaliation and his constitutional rights – could be deemed insufficient to state a claim upon which relief could be granted.  The court granted Cullen time to file an amended pleading to cure the deficiencies in his claims, and warned him that failing to do so could result in a recommendation that the action be dismissed for failure to state a claim.  <u>See</u> January 15 Order (doc. no. 12).

In response to that order (doc. no. 13), Cullen clarified the names of certain defendants and listed new defendants, without stating any facts showing how those individuals violated

his federal rights.  Cullen expressly declined to otherwise amend his complaint, explaining:

> I am not going to respond to the court until I have a jury, as is my right, hear my claim.  I will not state my case here so it can [be] turned over to the state to enable them to mount a defense before court action proceeds.  I told the court what was, I believed to be, rights violated by the named defendants.  I now expect and actually demand a jury as requested and my right to hear and decide if the defendants named did or did not violate my rights. . . . If there is a problem with this . . . I will file for change of venue . . . .

Plf.'s Am. Compl. (doc. no. 13), at 1-2.

Cullen does not have the option of deciding when, where, or whether to set forth all of the facts sufficient to state his claims.  In the federal courts, a judge -- not the jury, not the plaintiff -- decides in the first instance whether a prisoner's complaint states a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(2).  The court's screening of the claims may result in an order dismissing the case before defendants file an appearance, see id.; see also LR 4.3(d)(2)(A).

For reasons set forth in the January 15 Order (doc. no. 12) and herein, the facts alleged in Cullen's complaint (doc. no. 1) fail to state a claim upon which relief may be granted.  Cullen has expressly declined to amend the complaint to cure all of the deficiencies in his pleadings.  Accordingly, at this time, the

3

court should dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted.

## Conclusion

The court should dismiss this action, with prejudice, for failure to state a claim upon which relief may be granted. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

March 5, 2013

cc: Allan M. Cullen, pro se

LBM:nmd